# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | **WILLIAM T. HART** | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 04 C 3717 | **DATE** | SEPT. 16, 2004 |
| **CASE TITLE** |  | LIEBERT CORPORATION, etc. and ZONATHERM PRODUCTS, INC. v. JOHN MAZUR and AERICO, INC., etc. | |

**MOTION:**

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Defendants' motion to stay proceedings [3-1] is granted. Defendants' motion to strike [8-1] is denied as moot and defendants' motion for sanctions [8-2] is denied. Plaintiffs' cause of action is dismissed without prejudice with leave to move to reinstate this case within 30 days after the state case becomes final in the event that further proceedings in the federal case would be appropriate. Each party shall bear its own costs.

(11) ■ [For further detail see attached Memorandum Opinion and Order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | 2 number of notices | Document Number |
| ✓ | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | 9/17/04 date docketed | |
| | Docketing to mail notices. | | | 10 |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| cw courtroom deputy's initials | | 2004 SEP 16 PM 3:10 Date/time received in central Clerk's Office | 9/16/2004 date mailed notice mqm mailing initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

LIEBERT CORPORATION, an Ohio )
corporation and ZONATHERM )
PRODUCTS, INC., an Illinois )
corporation, )
 )
 )
            Plaintiffs, )
 )
      v. ) No. 04 C 3717
 )
JOHN MAZUR and AERICO, INC., )
an Illinois corporation, )
 )
            Defendants. )

## MEMORANDUM OPINION AND ORDER

On May 28, 2004, plaintiffs Liebert Corporation and Zonatherm Products, Inc. filed this lawsuit naming John Mazur and Aerico, Inc. as defendants. The one-count complaint alleges that defendants violated the Computer Fraud and Abuse Act ("CFAA"), 18 U.S.C. § 1030, when Mazur took computer files with him upon resigning as a Sales Manager for Zonatherm. Zonatherm acted as Liebert's exclusive sales agent in the Chicago area. Much of the information contained in the computer files allegedly taken by Mazur was information concerning Liebert and its products. Mazur is presently the President of Aerico, a company he founded with two other individuals a few months before Mazur resigned from

Zonatherm. When taking the computer files, Mazur allegedly acted as a agent of Aerico. Aerico is American Power Conversion Corporation's ("APC") exclusive authorized representative in the Chicago area. APC is a competitor of Liebert. On February 5, 2004, prior to filing their federal lawsuit, plaintiffs filed a lawsuit in the Circuit Court of Cook County, Illinois against Mazur and Aerico and also naming APC and four other individuals as defendants. Based on essentially the same underlying facts as the federal lawsuit, the state lawsuit included claims for violation of the Illinois Trade Secrets Act ("ITSA"), 765 ILCS 1065, and related common law counts.[1] Invoking <u>Colorado River Water Conservation District v. United States</u>, 424 U.S. 800 (1976), defendants move to stay the federal proceeding in light of the related state court proceeding.[2]

Federal courts have "the virtually unflagging obligation . . . to exercise the jurisdiction given them." <u>Colorado River</u>, 424 U.S. at 817; <u>Clark v. Lacy</u>, 376 F.3d 682, 685 (7th Cir.

---

[1] On July 16, 2004, the state court dismissed all the common law counts except for a count labeled "spoliation of evidence." Plaintiffs, however, were granted leave to replead the dismissed counts.

[2] Defendants also moved to strike plaintiffs' request for admissions and to sanction plaintiffs for having filed the request for admissions. In response, plaintiffs withdrew the request for admissions. Therefore, the motion to strike is moot. As plaintiffs point out, defendants do not show that, prior to filing the motion to strike, they adequately complied with the meeting requirement of N.D. Ill. Loc. R. 37.2. No sanctions will be awarded.

2004); Interstate Material Corp. v. City of Chicago, 847 F.2d 1285, 1287 (7th Cir. 1988). Other than in instances raising special constitutional or federalism concerns, a federal court should only defer to the concurrent jurisdiction of a parallel state court proceeding in "exceptional circumstances." Colorado River, 424 U.S. at 818; Clark, 376 F.3d at 685. In exceptional circumstances, "[w]ise judicial administration," including regard for the "conservation of judicial resources and comprehensive disposition of litigation" may counsel abstention on the part of a federal court. Colorado River, 424 U.S. at 818.

There is no basis for staying a case under the Colorado River doctrine unless the state and federal proceedings are parallel. Clark, 376 F.3d at 685; Interstate Material, 847 F.2d at 1287. The "initial step in determining whether the Colorado River doctrine is applicable is to inquire whether the concurrent state and federal proceedings are parallel. It is important to note that 'the requirement is of parallel suits, not identical suits. A suit is parallel when substantially the same parties are contemporaneously litigating substantially the same issues in another forum.'" Caminiti & Iatarola, Ltd. v. Behnke Warehousing, Inc., 962 F.2d 698, 700 (7th Cir. 1992) (quoting Interstate Material, 847 F.2d at 1288)) (emphasis in Caminiti). Accord Clark, 376 F.3d at 686. In determining whether cases are parallel, a court "look[s] not for formal symmetry between the

two actions, but for a substantial likelihood that the state litigation will dispose of all claims presented in the federal case." Lumen Construction, Inc. v. Brant Construction Co., 780 F.2d 691, 695 (7th Cir. 1985). Accord Clark, 376 F.3d at 686.

If the two suits are parallel, there are ten nonexclusive factors that a district court can consider in deciding whether "exceptional circumstances" exist that would justify deference to the state courts under the Colorado River doctrine. These factors are: "(1) whether the state has assumed jurisdiction over property; (2) the inconvenience of the federal forum; (3) the desirability of avoiding piecemeal litigation; (4) the order in which jurisdiction was obtained by the concurrent forums; (5) the source of governing law, state or federal; (6) the adequacy of state-court action to protect the federal plaintiff's rights; (7) the relative progress of state and federal proceedings; (8) the presence or absence of concurrent jurisdiction; (9) the availability of removal; and (10) the vexatious or contrived nature of the federal claim." Clark, 376 F.3d at 685. "No one factor is necessarily determinative; a carefully considered judgment taking into account both the obligation to exercise jurisdiction and the combination of factors counseling against that exercise is required." Colorado River, 424 U.S. at 818-19. The checklist is not to be applied

mechanically, but flexibly and pragmatically. LaDuke v. Burlington Northern R.R., 879 F.2d 1556, 1559 (7th Cir. 1989).

Both the CFAA claims in the federal case and the ITSA claims in the state case arise from the same occurrence and set of facts. Although the taking of trade secrets is not a necessary element of the CFAA claim, plaintiffs do expressly allege in the federal suit that information that was allegedly taken by Mazur included "confidential, proprietary, and trade secret information." See Compl. ¶¶ 17-19, 25, 30-31, 33. See also id. ¶¶ 7-11. While plaintiffs may not need to prove the existence of a trade secret (as that term is used in the ITSA) in order to succeed on their CFAA claim, the allegations of the complaint indicate that, in proving the damages they allegedly sustained, plaintiffs will indeed attempt to prove the information that was taken was a trade secret. Plaintiffs will at least have to show that the information was taken "without authorization" or "exceed[ed Mazur's] authorized access." See 18 U.S.C. § 1030(a).

While it is possible that plaintiffs could succeed on their CFAA claims without also succeeding on their ITSA claims, or vice versa, litigation of the two claims will involve identical or almost identical discovery and very similar factual proof at trial. Also, even if plaintiffs do not amend the state law suit to add CFAA claims, resolution of the state law case

would likely dispose of the CFAA claims as well because of Illinois law as to res judicata and claim splitting. Nothing in the CFAA's jurisdictional provision indicates that civil claims under the statute may only be brought in federal court. See 18 U.S.C. § 1030(g). Plaintiffs could have, and likely still may, include the CFAA claims in the state action. Since the CFAA claims arise from the same occurrence as the ITSA claims, the CFAA claims would likely be found to be part of the same cause of action that has already been raised in the state lawsuit. Illinois res judicata rules apply to claims that are part of the same cause of action if those claims could have been raised in the prior lawsuit. See Jones v. Grinnell, 1995 WL 699653 *2 (N.D. Ill. Nov. 24, 1995); Erickson v. Village of Willow Springs, 876 F. Supp. 951, 958 (N.D. Ill. 1995). Even if plaintiffs are successful in their state lawsuit and believe they can obtain additional relief by continuing to pursue the CFAA claims in federal court, the Illinois rule against claim splitting would likely preclude such an attempt. See Saxon Mortgage, Inc. v. United Financial Mortgage Corp., 312 Ill. App. 3d 1098, 728 N.E.2d 537, 545-46 (1st Dist. 2000). Thus, resolving the state case on its merits would likely preclude continuing with the federal lawsuit based on the res judicata effect of the state lawsuit. The state lawsuit and the federal lawsuit are parallel proceedings. Cf. Jones, 1995 WL 699653 at *2.

Turning to the customary factors to consider. First, this is not a case in which the state court has assumed jurisdiction over a piece of real or personal property.

There is no distinction as to which forum is more convenient. The two courthouses are located within a few blocks of each other and the parties do not point to any potential problems regarding obtaining jurisdiction over any potential witness.

Avoiding piecemeal litigation strongly favors staying the present action. See Clark, 376 F.3d at 687. Proceeding with both cases could result in duplicative discovery, summary judgment motions based on nearly identical facts, and/or two different juries hearing nearly identical evidence.

The state court action was filed almost four months prior to the federal action. More importantly, substantial discovery has already occurred in the state court proceeding and the state court has already ruled on a summary judgment motion and is considering preliminary relief. No substantive proceedings have been held in the federal case and it appears that the parties have not yet exchanged any discovery.

State law applies to the claims presently raised in state court and federal law applies to the claims presently raised in federal court. Plaintiffs seek the same type of relief in both courts, damages and injunctive relief. Relief available under

the ITSA is broader than that available under the CFAA. Under appropriate circumstances, the ITSA allows unjust enrichment damages in addition to damages based on actual losses or alternatively permits damages based on a royalty. 765 ILCS 1065/4(a). If willful or malicious misappropriation is shown, plaintiffs may recover exemplary damages equal to as much as double § 4(a) damages. Id. § 4(b). The ITSA also permits an award of attorney fees if there is willful or malicious misappropriation or a motion for injunctive relief is resisted in bad faith. Id. § 5. The CFAA limits damages to actual compensatory damages and, for certain violations, economic damages. There is no express provision for exemplary damages or attorney fees. See 18 U.S.C. § 1030(g). The state court case is sufficient to fully protect plaintiffs' rights, especially if plaintiffs seek to amend that case to add the federal claim.

As presently constituted, the state case is not subject to removal because diversity of citizenship is lacking.

The federal claims do not appear to be vexatious or contrived.

The two cases are based on the same facts. They only involve somewhat different legal grounds for the claims. Judicial economy would strongly favor joining all the claims in a single case. Cf. Clark, 376 F.3d at 687. Since the state case was filed first and has proceeded substantially further than the

federal case, it is appropriate to stay the federal case pending resolution of the state case. Cf. id. at 687-88; Jones, 1995 WL 699653 at *2-3. A stay will be effectively imposed by dismissing the case without prejudice with leave to move to reinstate this case within 30 days after the state case becomes final in the event that further proceedings in the federal case would be appropriate.

IT IS THEREFORE ORDERED that defendants' motion to stay proceedings [3-1] is granted. Defendants' motion to strike [8-1] is denied as moot and defendants' motion for sanctions [8-2] is denied. Plaintiffs' cause of action is dismissed without prejudice with leave to move to reinstate this case within 30 days after the state case becomes final in the event that further proceedings in the federal case would be appropriate. Each party shall bear its own costs.

ENTER:

*William T. Hart*
UNITED STATES DISTRICT JUDGE

DATED: SEPTEMBER 16, 2004